IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICKY LAMAR HOGAN, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No. 5:25-cv-284-MTT-ALS |
| : | |
| GEORGE IVEY, JR., *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## NOTIFICATION OF MOTION FOR JUDGMENT ON THE PLEADINGS

On August 27, 2025, Defendants filed a Motion for Judgment on the Pleadings. (Doc. 16). The Court is required to adequately advise Plaintiff of the significance of Defendants' Motion. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985). In an effort to afford Plaintiff, who is proceeding *pro se*, adequate notice and time to respond to Defendants' Motion, the following notice is given.

When considering a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading," and the Court views "those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). The Court may grant judgment on the pleadings when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). The Court may consider a document attached to the motion for judgment on the pleadings "without converting the motion into one for summary judgment if the attached document is central to plaintiff's claims and its authenticity is not challenged." *Garcon v. United Mut. of Omaha Ins. Co.*, 779 F. App'x 595, 599 (11th Cir. 2019) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

1. **RESPONDING TO AN ALLEGED FAILURE TO EXHAUST**

Normally, when considering a motion for judgment on the pleadings, the Court limits its consideration to the pleadings and exhibits attached thereto, as well as the parties' briefs. If, however, Defendants have alleged Plaintiff's claims should be dismissed for failure to exhaust administrative remedies, "[t]he judge properly may consider facts outside of the pleadings to resolve a factual dispute as to exhaustion where doing so does not decide the merits, and the parties have a sufficient opportunity to develop the record." *Trias v. Fla. Dep't of Corr.*, 587 F. App'x 531, 535 (11th Cir. 2014) (citing *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008)). If Plaintiff is responding to a motion for judgment on the pleadings for failure to exhaust, this is his opportunity to "develop the record." *Id*. Plaintiff may provide the Court with affidavits and/or other documents showing that he has, in fact, exhausted available administrative remedies.

2. **BRIEFS**

Under the procedures and policies of this Court, motions for judgment on the pleadings are normally decided on briefs. Plaintiff may submit his argument to this Court by filing a brief in opposition to Defendants' Motion for Judgment on the Pleadings. Unless the Court has granted prior permission, any brief should not exceed twenty (20) pages. M.D. Ga. Civ. R. 7.4.

**FAILURE OF PLAINTIFF TO RESPOND TO AND REBUT THE LEGAL ARGUMENTS SET FORTH IN DEFENDANTS' BRIEF MAY RESULT IN THESE STATEMENTS BEING ACCEPTED AS UNCONTESTED AND CORRECT.**

The Court could grant judgment to Defendants and there would be no trial or further proceedings in this case. Accordingly, Plaintiff is **NOTIFIED** of his right to amend his complaint, submit a response brief, and if responding to a motion for judgment on the pleadings for failure to

exhaust administrative remedies, submit any affidavits and/or documents showing that he has exhausted his administrative remedies. As explained above, if Plaintiff fails to amend his complaint and the applicable statute of limitations has expired since he filed the original complaint, and the Court grants judgment to Defendants, Plaintiff will be barred from re-filing following dismissal of his original complaint. If Plaintiff fails to file a brief in opposition to the Motion for Judgment on the Pleadings, a final judgment may be rendered against him if otherwise appropriate under law. Any amendment, response brief, affidavits and/or other documents that Plaintiff desires to file in response to the Motion for Judgment on the Pleadings must be filed **WITHIN TWENTY-ONE (21) DAYS** of the date of this Order. Defendants may file any desired reply within fourteen (14) days after Plaintiff files a response. Thereafter, the Court will consider Defendants' Motion for Judgment on the Pleadings and any opposition to the same filed by Plaintiff and issue its ruling.

**SO ORDERED**, this 28th day of August, 2025.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE