IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| RICKY LAMAR HOGAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:25-cv-284-MTT-ALS |
| | : | |
| GEORGE IVEY, JR., *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER AND RECOMMENDATION**

Before the Court are Plaintiff's state court complaint – removed to this Court by Defendants – as well as Defendants' motions for judgment on the pleadings and to strike Plaintiff's unauthorized complaint, and Plaintiff's motions to amend his state court complaint, for emergency habeas relief, to vacate his state court convictions, and for a hearing and temporary restraining order. (Docs. 2-1, 3, 5, 6, 9, 10, 15, 16). Also in this action, Plaintiff filed an application for habeas corpus relief under 28 U.S.C. § 2254. (Doc. 4).

The Court proceeds as follows: first, because Plaintiff filed his motion to amend within twenty-one days of Defendants' answer, the Court finds Plaintiff may amend his state court complaint as a matter of course, and therefore it grants his motion to amend (Doc. 3). The Court also grants Defendants' motion to strike (Doc. 15) Plaintiff's unauthorized complaint (Doc. 10). Second, the Court screens Plaintiff's amended complaint (Doc. 2-1) as required by the Prison Litigation Reform Act ("PLRA") and it recommends that this action be **DISMISSED** for failure to state a claim. As a result, the Court recommends that Defendants' motion for judgment on the pleadings (Doc. 16), and Plaintiff's motions for emergency habeas relief (Doc. 5), to vacate his state court convictions (Doc. 6), and for a hearing and temporary restraining order (Doc. 9), and

Plaintiff's application for habeas relief under 28 U.S.C. § 2254 (Doc. 4) all be **DENIED AS MOOT**.

### I. Plaintiff's Motion to Amend and Defendants' Motion to Strike

Plaintiff moves for leave to amend his state court complaint in order to assert a class action on behalf of every African American individual who either was previously or is currently incarcerated from 1980 until 2025 based on defective indictments. (Docs. 3; 3-1, at 1-2). Plaintiff names as defendants the State of Georgia, the District Attorneys of all 159 Georgia counties, and every Superior Court judge who imposed sentences on the prospective plaintiffs to this class action. (Doc. 3-1, at 3).

A plaintiff may file an amended complaint once as a matter of course within twenty-one days of service of the original complaint or within twenty-one days of the defendant's filing of a responsive pleading or Rule 12 motion to dismiss. Fed. R. Civ. P. 15(a)(1). Here, Defendants contend that Plaintiff's motion to amend was filed on July 31, 2025, which was more than twenty-one days after their answer in state court on July 2, 2025. (Doc. 8, at 1-2). However, as a prisoner in Hancock State Prison, Plaintiff benefits from the prison mailbox rule. Although the Court received Plaintiff's motion on July 31, 2025, he signed it and delivered it to prison authorities on July 23, 2025. (Doc. 3, at 2-3). "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) (internal quotation marks omitted). "Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it." *Id.* There being no evidence to the contrary, the Court deems Plaintiff's motion to amend filed on July 23, 2025, and Plaintiff is therefore entitled to amend his state court complaint as a matter of course.

To the extent Defendants contend that Plaintiff may not amend his complaint because any amendment would be futile (Doc. 8, at 2-3), ordinarily the Court would agree. However, a district court generally lacks discretion to deny an amendment as futile when the party has the right to amend as a matter of course under Federal Rule of Civil Procedure 15(a)(1), as Plaintiff does here. *Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007).[1] Because Plaintiff may amend as a matter of course, Plaintiff's motion to amend (Doc. 3) is **GRANTED**.[2]

---

[1] This rule does not appear to apply when a party is represented. The United States Court of Appeals for the Eleventh Circuit held that a represented party waives its right to file an amended complaint as a matter of course if it files a motion seeking leave to amend. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869-70 (11th Cir. 2010). In that same case, the panel made it clear that the same holding did not apply to *pro se* parties, like Plaintiff. *Id.* at 870 n.2 ("There, the plaintiff was *pro se*."). In two later – and unpublished – opinions, panels of the Eleventh Circuit extended the waiver-by-filing-a-motion-to-amend rule to *pro se* parties. *See Daker v. Almand*, No. 21-10618, 2023 WL 4743749, at *4 (11th Cir. July 25, 2023), and *Johnson v. Ga. Dep't of Veterans Serv.*, 791 F. App'x 113, 116 (11th Cir. 2019). However, as the Eleventh Circuit frequently reminds us, unpublished cases carry no precedent and bind no one. *McCreight v. AuburnBank*, 117 F.4th 1322, 1337 n.11 (11th Cir. 2024) ("unpublished cases 'are not precedential and they bind no one.'") (quoting *Ray v. McCullough Payne & Haan, LLC*, 838 F.3d 1107, 1109 (11th Cir. 2016)). Thus, the Court finds that Plaintiff – proceeding *pro se* – may amend his complaint as a matter of course by filing a motion to amend, despite any possibility of futility.

[2] Because an amended complaint supersedes the original complaint, *see Fritz v. Standard Sec. Life Ins. Co. of N.Y.*, 676 F.2d 1356, 1358 (11th Cir. 1982), the operative complaint in this case is now the amended complaint docketed as Doc. 3-1. Defendants' motion to strike the subsequently filed complaint docketed as Doc. 10 is granted for several reasons. First, Plaintiff did not object to Defendants' motion to strike. Second, Plaintiff did not seek leave of Court, or Defendants' permission, to file a second amended complaint. A district court may strike an amended complaint that is filed without leave of court or the other party's written consent. *See Burt Dev. Co. v. Bd. of Comm'rs of Lee Cnty.*, 230 F. App'x 910, 914 (11th Cir. 2007) (affirming decision to strike amended complaint that was filed with neither the other party's consent nor leave of court). Third, there is no prejudice to Plaintiff as to the claims that he asserts occurred in 2025, because the statute of limitations does not yet bar them. Finally, it is not clear to the Court that any of Plaintiff's claims in the complaint at Doc. 10 are related to the claims in the operative complaint, and as a result, those claims should proceed as separate actions pursuant to Federal Rules of Civil Procedure 18 and 20. Thus, Defendants' motion to strike (Doc. 15) is **GRANTED** and the complaint at Doc. 10 is **STRICKEN**.

One final procedural note: although Defendants did not raise this issue in their response (Doc. 8) to Plaintiff's motion to amend his state court complaint, Plaintiff did not sign his amended complaint. *See* Doc. 3-1. However, Plaintiff signed the motion to amend, to which his amended complaint was attached. *See* Doc. 3, at 2. Consequently, the Court finds that, by signing the motion to amend – which requested that the Court accept his amended complaint – Plaintiff "accomplished the requirement of Federal Rule of Civil Procedure 11." *Daker v. Redfin Corp.*, No. 20-13598, 2021 WL 5235102, at *1 (11th Cir. Nov. 10, 2021) (finding the district court in error and holding that *pro se* prisoner complied with Rule 11 by signing a declaration attached to his unsigned amended complaint).

3

## II.     Preliminary Review of Plaintiff's Amended Complaint

### A.  Standard of Review

The PLRA directs courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. 28 U.S.C. § 1915A(a). "*Pro se* filings are generally held to a less stringent standard than those drafted by attorneys and are liberally construed." *Carmichael v. United States*, 966 F.3d 1250, 1258 (11th Cir. 2020) (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citations omitted). On preliminary review, the Court may dismiss claims that are based on "indisputably meritless legal" theories and "claims whose factual contentions are clearly baseless." *Id.* (citations omitted). A claim can be dismissed as malicious if it is knowingly duplicative or otherwise amounts to an abuse of the judicial process. *Daker v. Ward*, 999 F.3d 1300, 1308, 1310 (11th Cir. 2021) (affirming dismissal of duplicative complaint "in light of [prisoner's] history as a prolific serial filer").

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citations omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

B. <u>Factual Allegations</u>

As previously noted, Plaintiff asserts a class action on behalf of every African American who was convicted between 1980 and 2025 in the State of Georgia based on defective indictments. (Doc. 3-1, at 2). Plaintiff sues the State of Georgia, the District Attorneys of all 159 Georgia counties, and the Superior Court judges who imposed sentences despite the defective indictments. *Id.* at 3. Plaintiff's amended complaint fails, for multiple reasons.

First, as a *pro se* party, Plaintiff cannot represent other parties in a class action. *See, e.g.*, *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (affirming dismissal of the portion of prisoner's complaint that sought relief on behalf of prisoner's fellow inmates);[3] *see also Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005) (rejecting claim that a "*pro se* . . . litigant may bring a class action § 1983 complaint" because it would be "plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action" (alteration in original) (first quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); and then citing *Massimo*, 468 F.2d at 1210); *see also Ferentinos v. Kissimmee Util. Auth.*, 604 F. App'x 808, 810 (11th Cir. 2015) (affirming dismissal where *pro se* litigant repeatedly ignored court's warning that class-action claims required counsel). The right to proceed *pro se* under 28 U.S.C. § 1654 – as Plaintiff does here – is "a personal right that does not extend to the representation of the interests of others." *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008). As this Court has previously observed when denying reconsideration of its order dismissing a *pro se* prisoner

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

complaint that attempted to assert a class action, the "law is clear that *pro se* prisoners who are not licensed attorneys are barred from representing their fellow prisoners and from bringing class action lawsuits in the federal courts." *Anderson, et al. v. Williams*, No. 5:25-cv-506-MTT-ALS, 2026 WL 75907, at *1 (M.D. Ga. Jan. 9, 2026) (citations omitted). Thus, to the extent Plaintiff attempts to represent the interests of other individuals, he may not do so, and his class action claims should be dismissed for failure to state a claim.

Second, to the extent Plaintiff's personal claims remain, every defendant he names is immune from suit. Plaintiff's lawsuit asserts claims against the State of Georgia, Georgia District Attorneys, and Georgia Superior Court judges. It is "well-settled" that "Eleventh Amendment immunity bars suits brought in federal court when the State itself is sued and when an 'arm of the State' is sued." *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)). Thus, Plaintiff may not sue the State of Georgia in this Court.

Similarly, Plaintiff may not sue Georgia Superior Court judges. As the State of Georgia is immune from suit, so is it well settled that "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (first quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); and then citing *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* (citing *Stump*, 435 U.S. at 356). To determine whether a judge's acts occurred while acting in a judicial capacity, courts look to

> whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity.

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (citation omitted).

Here, it is clear that the Superior Court judges that Plaintiff categorically identified as defendants were acting in their judicial capacity because they allegedly sentenced individuals following their convictions. Thus, the Superior Court judges were acting in cases that were pending before them, in open court proceedings. Consequently, the Superior Court judges are entitled to absolute judicial immunity, and Plaintiff's claims against them should be dismissed for failure to state a claim.

Further, the Georgia District Attorneys that Plaintiff names as defendants are also entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Assuming Plaintiff sues the District Attorneys for filing and prosecuting the allegedly defective indictments, they would be entitled to immunity because the "prosecutorial function includes the initiation and pursuit of criminal prosecution[.]" *Id.* (citing *Imbler v. Pachtman*, 424 U.S. 409, 424 (1976)). Even if the District Attorneys intended to obtain fatally defective indictments, they would still be entitled to absolute immunity. *Id.* at 1279-80 (finding that a prosecutor who "knowingly proffered perjured testimony and fabricated exhibits at trial" is still entitled to absolute immunity). Consequently, Plaintiff cannot assert claims against the Georgia District Attorneys, and any claims he has against them should be dismissed for failure to state a claim.

Third, even if Plaintiff could state constitutional claims against the Superior Court judges and District Attorneys for the allegedly defective indictment, his claims would be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court of the United States held that "when a state prisoner seeks damages in a § 1983 suit, the district court

must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id.* at 487. A judgment in favor of Plaintiff on his claims that he was convicted despite a defective indictment would necessarily imply the invalidity of his conviction or sentence. *See Zeigler v. Woodford*, No. 5:17-CV-480-MTT-MSH, 2018 WL 2248754, at *3 (M.D. Ga. Apr. 27, 2018) (finding prisoner's claim against clerk of court for an allegedly defective indictment was barred by *Heck*, and first citing *Antonelli v. Foster*, 104 F.3d 899, 901 (7th Cir. 1997); then citing *Roberts v. O'Bannon*, 199 F. App'x 711, 714 (10th Cir. 2006); and then citing *Jones v. Brown*, 122 F.3d 1056 (2d Cir. 1997)). Thus, *Heck* bars Plaintiff's claims unless he "can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. Not only has Plaintiff failed to allege that his conviction or sentence has been invalidated, but Plaintiff also remains imprisoned on the allegedly defective indictment because the state court judgment attached to his amended complaint shows that he was sentenced to life imprisonment plus imprisonment for a consecutive thirty (30) years, and Plaintiff seeks immediate release as relief for the allegedly defective indictment. (Docs. 3-2, at 6; 3-1, at 6). Consequently, Plaintiff's claims against the Superior Court judges and District Attorneys are barred by *Heck* and they should be dismissed.

Finally, Plaintiff asserts personal claims under 42 U.S.C. §§ 1983 and 1985. (Doc. 3-1, at 2). Even if some or all of Plaintiff's claims are not *Heck*-barred, Plaintiff's right to assert these claims expired long ago under the applicable statute of limitations. The allegedly defective indictment charging Plaintiff was issued in June 1984, and he pleaded guilty to it in the Superior Court of Dekalb County, Georgia, during the September 1984 term of court, which was between the first Monday of September and the first Monday of November 1984.[4] (Doc. 3-2, at 2, 6). "The

---

[4] *See* O.C.G.A. § 15-6-3(14.1) (DeKalb Circuit's Terms of Court)

limitations period for filing §§ 1983 and 1985 claims is controlled by state law, which in Georgia is two years from the date the action accrued[.]" *Carlan v. Warner Robins Police Dep't*, No. 5:25-CV-63 (CAR), 2025 WL 2098743, at *3 (M.D. Ga. July 25, 2025) (citing *Williams v. City of Atlanta*, 794 F.2d 624, 626 (11th Cir. 1986) (§ 1983); and *Rozar v. Mullins*, 85 F.3d 556, 561 (11th Cir. 1996) (§ 1985)). The claims accrued when Plaintiff knew or would have reason to know of the allegedly defective indictment. *Id.* (citing *Rozar*, 85 F.3d at 561). Thus, because Plaintiff pleaded guilty sometime between September and November 1984, his claims were barred by the statute of limitations shortly after September or November 1986 – nearly forty years ago.[5] Consequently, Plaintiff's claims under §§ 1983 and 1985 should be dismissed for failure to state a claim.

## C. Subsequent Amendment Would be Futile

Generally, a district court must grant a *pro se* plaintiff at least one opportunity to amend before dismissing if a more carefully drafted complaint might state a claim. *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). However, in this case, Plaintiff has already amended his complaint as of right. Therefore, he must obtain leave of Court or written consent from the opposing party to further amend. A district court is not required to offer leave to amend a complaint when "a more carefully drafted complaint could not state a claim." *Id.* at 1133 (citation and quotation marks omitted). In other words, "[l]eave to amend a complaint is futile

---

[5] Plaintiff's litigation history suggests that he likely knew or had reason to know of the allegedly defective indictment before 1987. That is because, in 1987, the Court of Appeals of Georgia dismissed his claims for "legal malpractice, unlawful representation, and conspiracy" against the attorney who represented him at his guilty plea. *Hogan v. Peters*, 181 Ga. App. 670, 670, 353 S.E.2d 601 (Ga. Ct. App. 1987). However, there can be no question that Plaintiff was aware of the allegedly defective indictment in 2012. That is because he filed two federal lawsuits in 2012 alleging that he was wrongly convicted under a defective indictment. *See Eberhart v. Oubre*, No. 5:12-CV-171 (MTT), 2012 WL 1833729, at *1 (M.D. Ga. May 18, 2012) (dismissing Plaintiff's joint complaint filed with another prisoner and noting that Plaintiff and the other prisoner also raised this same joint claim in the United States District Court for the Northern District of Georgia on April 6, 2012). Thus, even if Plaintiff had been unaware of the allegedly defective indictment until 2012, his claims were barred by the statute of limitations over a decade ago.

9

when the complaint as amended would still be properly dismissed." *Id.* (citation and quotation marks omitted). Such is the case here. No amendment to Plaintiff's amended complaint would change the fact that the defendants named in his amended complaint are entitled to immunity from suit, that *Heck* bars his claims, or that his claims were long ago barred by the statute of limitations. Therefore, the Court recommends Plaintiff's amended complaint be dismissed without prejudice, without allowing him an opportunity to amend. *See Blankenship v. Claus*, 149 F. App'x 897, 899 (11th Cir. 2005) (affirming district court's dismissal without giving the plaintiff the opportunity to amend, noting that "no amendment will create diversity jurisdiction").

\* \* \* \* \*

Having found that Plaintiff's amended complaint (Doc. 2-1) must be dismissed for failure to state a claim after preliminary review under the PLRA, it is also recommended that Defendants' motion for judgment on the pleadings (Doc. 16), as well as Plaintiff's motions for emergency habeas relief (Doc. 5), to vacate his state court convictions (Doc. 6), and for a hearing and temporary restraining order (Doc. 9), and Plaintiff's application for habeas relief under 28 U.S.C. § 2254 (Doc. 4) be denied as moot.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend (Doc. 3) is **GRANTED**, Defendants' motion to strike (Doc. 15) is **GRANTED**, Plaintiff's unauthorized complaint (Doc. 10) is **STRICKEN**, and the Court **RECOMMENDS** that this action be **DISMISSED without prejudice** because Plaintiff's amended complaint (Doc. 3-1) fails to state a claim. **IT IS FURTHER RECOMMENDED** that Defendants' motion for judgment on the pleadings (Doc. 16), and Plaintiff's motions for emergency habeas relief (Doc. 5), to vacate his state court convictions (Doc. 6), and for a hearing and temporary restraining order (Doc. 9), and application

for habeas relief under 28 U.S.C. § 2254 (Doc. 4) be **DENIED as moot**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the Honorable Marc T. Treadwell, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 27th day of January, 2026.

s/ **ALFREDA L. SHEPPARD**
UNITED STATES MAGISTRATE JUDGE